<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT JAMES RYAN,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES SOLICITER GENERAL,<br><br>        Defendant. | Civil Action No. 22-4497 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>August 17, 2022 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Robert James Ryan's ("Plaintiff") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-1 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** IFP applications are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action. Here, Plaintiff's IFP application fails to supply any information about his income, expenses, or assets; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers,"

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff's Complaint is largely incoherent and partially illegible. The Complaint references "Justice Late Ruth Beta Ginsberg [sic]," (Compl. at 2),[1] and requests a "special election As To federal ElecTION COMMISION [sic]," (Compl. at 3), but it does not identify the injury that Plaintiff suffered or how Defendant United States Solicitor General caused that injury. The Complaint fails to provide a clear narrative of the factual or legal bases for Plaintiff's claim(s), and any facts alleged are plainly insufficient to support a claim; therefore,

Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint and either pay the filing fee or submit a renewed IFP application that includes sufficient information about his income, expenses, and assets. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties

---

[1] Citations to the Complaint are to ECF page numbers.